*H. G Petree,* for appellees.

---

GEO. E. PARKER *v.* J. A. HAMILTON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—590.]

**Petition for False Imprisonment Held Insufficient.**

A petition for false imprisonment against a justice of the peace is insufficient which alleges only that plaintiff "was wantonly, maliciously and unlawfully arrested and deprived of his liberty, by the defendants (naming them) on the false and pretended charge of a contempt offered to the court of the defendant (naming him). That by reason of said wanton and malicious acts of defendants plaintiff was damaged in the sum of one thousand dollars." Such a petition fails to allege that the justice had no jurisdiction in the matter and is not made good by the allegations of the answer.

**Justification of Acts of an Officer.**

A defendant to a suit for false imprisonment who is a constable acting under an order of a judicial tribunal, who served a writ valid on its face, issued to him by a judge, as to whom it is not averred that he did not have jurisdiction to issue, is not liable.

APPEAL FROM JEFFERSON CIRCUIT COURT.

February 24, 1885.

OPINION BY JUDGE HOLT:

The appellant, George E. Parker, was a constable and was committed to jail by the appellee, J. A. Hamilton, as a Justice of the Peace for contempt in refusing to execute a warrant. The mittimus from the Justice was delivered to the appellee, J. S. Gosnell, who was also constable and was by him executed.

The appellant brought this action for the alleged false imprisonment. The petition alleges that "he was wantonly, maliciously and unlawfully arrested and deprived of his liberty, by the defendants, J. A. Hamilton, and J. S. Gosnell on the false and pretended charge of a contempt offered to the court of Esquire J. A. Hamilton, Justice of the Peace for Jefferson County, that by reason of said wanton and malicious acts of defendants, plaintiff was damaged in the sum of one thousand dollars."

It fails to allege that the justice had no jurisdiction in the matter. The sufficiency of the petition was raised by the plaintiff filing a demurrer to the second paragraph of the answer, and the court below holding it insufficient and the plaintiff declining to plead further, the action was dismissed. It is urged, however, that if the petition is defective, that it is cured by the answer. There is in this instance no decree or verdict to be supported, but admitting that in their absence an answer may aid the petition, we do not think it sufficiently does so in this instance.

According to Chitty a defect in substance can not be impliedly cured by merely pleading over thereto. 1 Chitty Plead. 672.

In this instance the answer does not expressly admit or allege the matters, which should have been alleged in the petition. It is true that it states that the Justice had issued a peace warrant, which had been delivered to the appellant as a constable to execute, and which he refused to do, and at considerable length details the circumstances attending the same; and it is claimed, that these allegations, coupled with the fact that the Justice had no power under the law to issue or try a warrant for a misdemeanor (he being a Justice in the city of Louisville, and its exclusive court having the power to do so) cure the failure to affirmatively allege in the petition that he had no jurisdiction. While there are statements in the answer, which inferentially perhaps, allege that he had jurisdiction,

yet it is not expressly stated so, and they should not therefore be held to aid the petition.

As want of jurisdiction was not alleged in the petition or its existence expressly stated in the answer, and that as it appears from the petition that the appellee Hamilton was acting in a judicial capacity, it is unnecessary under the opinion in *Pepper v. Mayes, et al.,* 81 Ky. 673, 5 Ky. Law Rep. 708 to consider any other question; and it follows that the petition was properly held defective as to both the appellees.

Gosnell was a mere ministerial officer, acting under an order of a judicial tribunal, which was not only valid upon its face but which was issued by a judge as to whom it is not alleged that he did not have the jurisdiction to issue it, and the judgment is affirmed.

Judgment *affirmed.*

*John Stites, for appellant.*