CASE 7—ACTION FOR FALSE ARREST—SEPT. 26.

# Dixon v. Cooper.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

JUSTICE OF THE PEACE— LIABILITY FOR WRONGFUL ARREST.

Held:    Where a Justice of the Peace acted within his jurisdiction in issuing a warrant of arrest, and trying the defendant thereunder, he is not liable in a civil suit, though the acts charged did not constitute an offense, and he was actuated by malice.

S. B. & R. D. VANCE FOR APPELLANT.

M. MERRITT, FOR APPELLEE.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE DURELLE—AFFIRMING.

One Davis made affidavit before appellee, Cooper, who was a justice of the peace, charging that appellant, Dixon, had obstructed the passway of himself and others, describing the act as a trespass, but stating facts which seem to constitute an offense, under section 4354, Kentucky Statutes. Thereupon the justice issued a warrant of arrest,

under which Dixon was arrested, tried, and fined $10. He replevied the fine, and brought suit against Cooper alone, reciting the facts, and stating that the offense charged in the warrant, which follows the language of the affidavit, "is not an offense against the statutes of Kentucky or any other law of this Commonwealth, and that the arrest and conviction of this plaintiff under said warrant was illegal and malicious." A demurrer to this petition was sustained, and an amended petition tendered, which undertakes to state facts showing that the passway obstructed was not a private passway, and reiterating his averment that the acts charged did not constitute an offense. The court re-fused to allow the amendment to be filed, and dismissed the petition. This, we think, was proper.

The rule as to the liability of judicial officers seems to be that a judicial officer can not be held liable in a civil suit for any act done in the performance of his judicial duties, provided he has jurisdiction of the person and the subject-matter; and this, though the imprisonment complained of be the result of a mistake of law, or error of judgment, or even of malice. See opinion of Mr. Justice Field in Randall v. Brigham, 7 Wall., 523, (19 L. Ed., 285). This court in Ayars v. Cox, 10 Bush, 207, upon the authority of Revill v. Pettit, 3 Metc., 314, recognizes a distinction between su-perior and inferior judicial officers, and announces: "There are, then, two distinct classes of case to which this princi-ple of judicial protection does not apply: First, where a person having a special or limited judicial authority does any act beyond the scope of his authority; and, secondly, where, although acting within the limits of his jurisdiction, he is actuated by malicious or corrupt motives." But in Pepper v. Mayes, 81 Ky., 675, this court, through Judge Hines, quoted approvingly Judge Cooley's statement of the

rule (see Cooley, Torts, 408), as well as his statement that it not only "applies to the highest judge in the State or nation, but it also applies to the lowest officer who sits as a court and tries petty causes, and it applies, not in respect to their judgments merely, but to all process awarded by them for carrying their judgments into effect." In the same opinion, the "expression of an opinion [in the case in 3 Metc.] as to whether the justice would have been answerable in damages for corruption while acting clearly within his jurisdiction, and in a judicial manner," is referred to as a dictum merely, the fact of that case not calling for the expression of such an opinion. In the case at bar we have one which seems to come clearly within the rule laid down by Judge Hines, viz., that of a judicial officer acting within the scope of his authority as such, in a matter in which he had jurisdiction both of the person and the subject-matter. See, also, Hil. Torts, c. 28, and 12 Am. & Enc. Law, 758 *et seq.* The judgment is affirmed.