## Reeves v. Stewart.

(Decided October 22, 1912.)

### Appeal from Whitley Circuit Court.

1. Office and Officer—Action Against Police Judge For Arrest.—In an action against a police judge and his surety for an alleged false arrest, charging that it was the result of a conspiracy and malicious, held that there was not the slightest evidence of any

conspiracy or understanding of any kind either in regard to the arrest or the imprisonment.

2. Same—Rule as to Judicial Officers in Such Cases.—Where the officer has jurisdiction of the person and the subject matter he is exempt from suit by private individuals for damages so long as he acts within his jurisdiction and in a judicial capacity.

R. S. ROSE, P. W. HARDIN for appellant.

SHARP, GATLIFF & SMITH for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This action was instituted against Bond Stewart, police judge of the town of Jellico, Kentucky, and afterwards, by an amendment, the Title Guaranty Surety Company, which was on Stewart's bond as police judge, was made a party defendant. Reeves alleged that Stewart, the police judge, Tom Bowling, a deputy sheriff of that county, and William Lovitt, unlawfully, maliciously, corruptly and without probable cause, conspired together to arrest him and did arrest him without probable cause and did without right, falsely, unlawfully, maliciously and corruptly cause him to be taken along a public street of Jellico to the lockup in which they confined him as a prisoner for five or six hours, to his great humiliation, etc. He prayed for a judgment for $1,000.

The allegations of the petition were denied by answer. Appellant testified that he had only a bottle of "extra dry;" that it was a soft drink; that it contained no intoxicating properties; that he obtained it in Jellico at "The Daisy Place;" that he had not taken any intoxicating drinks for two weeks prior to his arrest, and that he was arrested as soon as he came out of "The Daisy Place," by Tom Bowlin. His testimony and that of his six or eight witnesses tended to show that he was not drunk; that he did not have the appearance of being under the influence of whiskey; that at the office of the police judge he did appear to be a little angry and talked in a louder tone than usual; that after he was arrested and carried to the office of the police judge, the police judge, upon his arrival, asked what was the matter and Bowlin said that he had Stewart under arrest for drunkenness and appellant said he was not drunk; that the police judge then said to him you look to be mad, and

appellant said it is enough to make anyone mad to be arrested for nothing. Stewart then told Bowlin and Lovitt, who were present, to take Reeves to the lockup and, according to Reeves and his witnesses who were present, let him get in a good humor; appellee and his witnesses, however, said appellee told them to take him to the lockup and let him remain until he got sober. Appellee, as well as Bowlin and Lovitt, testified that Reeves was drunk, or that they believed he was drunk. Bowlin testified that he arrested him when he came out of "The Daisy Place" because he was drunk and took him to the police judge's office. Both the police judge and Bowlin testified that Bowlin was sworn as a witness and that Bowlin stated that Reeves was drunk, and that this was done before the judge ordered him to the lockup. There was not the slightest proof that there was any conspiracy or understanding of any kind or character between the police judge and Bowlin or Lovitt either in regard to the arrest of Reeves or his imprisonment.

In the case of Pepper v. Mayes, &c., 81 Ky., 675, this court said:

"The general rule applicable to justices of the peace, as to all judicial officers, is that where the officer has jurisdiction of the person and of the subject-matter he is exempt from suit by private individuals for damages so long as he acts within his jurisdiction and in a judicial capacity."

Section 398 of the Criminal Code is, in part, as follows:

"Upon a drunken person being brought before a magistrate, he shall have power to order him to be confined until he become duly sober;" &c. Thus we see that Stewart had jurisdiction of the person of appellant, Reeves, and of the subject matter, therefore, the rule copied above applies. See also Dixon v. Cooper, 109 Ky., 29.

Stewart may have improperly entered the judgment introduced in evidence attempting to form a defense to this action, but, granting that he did, neither that nor his mistake as to appellant being drunk, if he were so mistaken, alters this case in any way.

For these reasons, the judgment of the lower court is affirmed.