Louis R. Gans, Plaintiff, *v.* Stephen Callaghan and Others, Defendants.

Supreme Court, Kings County, January 13, 1930.

*L. R. Gans*, for the plaintiff.

*M. Steinbrink*, for the defendant.

DUNNE, J.  Plaintiff has instituted an action predicated upon alleged conspiracy, naming, among others as defendants, ex-Justice Stephen Callaghan.  The action was commenced and the acts alleged to have occurred during the incumbency of the former justice as a member of this court.

Several allegations of fact have been set forth in the complaint in an attempt by plaintiff to lay a foundation in law for his charge of conspiracy against the defendant named.  The latter has moved for judgment on the pleadings and the court is confined merely to a consideration of the sufficiency thereof.  Upon a motion of this character the facts alleged are deemed to be true, and even stretching so far in the instant case as to apply such legal fiction, nevertheless it cannot be of aid to plaintiff in the disposition to be made herein.

The sole question underlying the present proposition is whether, even assuming that the acts charged were born of improper motives, is defendant as a result to be subjected to civil liability?  I think the rule is well established that considerations of public policy operate to exempt a judicial officer from tort liability to persons who fancy themselves aggrieved by his supposed mistake, or even by his alleged corrupt misconduct, in the performance of his judicial function.  (*Lange* v. *Benedict*, 73 N. Y. 12; *Bradley* v. *Fisher*, 13 Wall. 335, 351; *Grove* v. *Van Duyn*, 44 N. J. Law, 654; *Dixon* v. *Cooper*, 109 Ky. 29; 58 S. W. 437.)  The test is, not that the act was in excess of jurisdiction, or alleged to have been done with malice and corruptly, for, even if it is such an act, it does not render liable the doer of the act if he be a judge of a court of general or superior authority.  (*Bradley* v. *Fisher, supra*.)  The allegations of the complaint indicate that every act assigned to or charged against the defendant was an act performed within the scope of his judicial duties.  The doctrine which holds a judge exempt from civil liability or indictment for any act done or omitted to be done by him in his judicial capacity is one which has its root deep in logic.

The administration of justice must not be trammeled, nor should its officers be subjected to the apprehension of possible litigation brought on by disgruntled suitors who have appeared before them. I think no better exposition of the proposition involved can be pressed than that contained in Serjeant Hawkins' Pleas of the Crown

([8th ed.], vol. 1, p. 447) that the law has freed the judges of all courts of record from all prosecutions whatsoever, except in the parliament, for anything done by them openly in such courts as judges. For the authority of government cannot be maintained unless the greatest credit be given to those who are so highly intrusted with the administration of public justice, and that if they should be exposed to the prosecution of those whose partiality to their own causes would induce them to think themselves injured, it would be impossible for them to keep up in the people that veneration of their persons and submission to their judgments, without which it is impossible to execute the laws with vigor and success.

Motion to dismiss the complaint as to the moving defendant granted.