## Henry v. Wilson.

(Decided June 6, 1933.)

S. H. RICE for appellant.

JOHN W. WALKER, CLARENCE MILLER and BEN H. SCOTT for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Forrest Henry, hereinafter called plaintiff, instituted this suit in the Estill circuit court against Harry B. Wilson, judge of Estill county court, hereinafter called the defendant.

Plaintiff alleges in his petition, in substance, that on the 24th day of August, 1931, he was standing near a window of the Estill county jail, engaged in conversation with a relative who was confined in the jail; that the jailer of Estill county approached him and ordered him to go away from the jail and stop talking to the prisoners. Plaintiff did not readily obey the orders of the jailer, whereupon the jailer arrested him and took him before the defendant, who was then engaged in holding quarterly court, and informed the defendant that the plaintiff had been talking to the prisoners in the jail, whereupon the defendant entered a fine of $3 and costs against him, and, upon his failure to pay same, ordered the jailer to take him to jail and keep him therein in satisfaction of the said fine, and the jailer did, pursuant to said orders, lodge him in the jail, and kept him confined therein for a period of 24 hours.

Plaintiff further alleges that he had not committed any offense or crime nor violated any law, and that the act of defendant in so imprisoning him was illegal, wrongful, malicious, and without having jurisdiction of plaintiff.

The defendant filed his answer, in which he admitted the imprisonment of plaintiff for the reasons set out in the petition, but denied that the imprisonment was illegal, or wrongful, or unlawful, or with malice, or without having jurisdiction of plaintiff. Defendant pleads affirmatively as his defense that the plaintiff had been or was, at the time complained of, talking to the prisoners confined in the Estill county jail, which he alleges was in violation of an order entered by the county judge, his predecessor in office, in the year 1925, which order prohibited any person to speak to or visit any person confined in the jail. The part of the order applicable herein reads:

"No person shall be permitted to visit or speak to any prisoner confined in jail without the written permission of the County Judge or County Attorney or in the case of prisoners committed by a police court, the written permission of the police judge or the City Attorney of the court from which the prisoner was committed."

Defendant pleads Kentucky Statutes, sec. 2233, as authority for the above order, which statute reads:

"It shall be the duty of the county court, from time to time, to prescribe rules for the government and cleanliness of the jail and the comfort and treatment of prisoners, and shall have power, by fine, to enforce the rules, and punish the jailer for disobedience thereto, or for neglect of his official duties."

He further pleads the judgment of conviction of appellant for contempt.

It is insisted for the plaintiff (1) that the order purporting to prohibit any person talking to or visiting any person in the jail is invalid as to the public, and that the statute, supra, authorizes such order only in so far as it may pertain to the jailer and the internal management of the jail; (2) it fixes or prescribes no punishment or penalty for its violation; and (3) even though the order were valid, the plaintiff did not commit the alleged offense in the presence of the court, and the court therefore was without jurisdiction or authority to summarily punish plaintiff without first issuing a warrant, rule, or other process against him as provided

by section 10 of the Constitution of Kentucky and section 31 of the Criminal Code of Practice.

The charge of contempt against appellant is based upon his alleged violation of the order purporting to prohibit persons talking to prisoners. The statute, supra, relied on as authority for this order, does not authorize such orders as to lay public. It only pertains to the internal management of the jail, and is an administrative order only—not a judicial order, for the violation of which would constitute contempt or other offense. It follows that the court improperly imposed the judgment.

Plaintiff does not allege in his petition that he was not given time nor opportunity to prepare his defense. He bases his action upon the theory that (1) he was not guilty of any offense, and (2) that the court did not have jurisdiction of the person of plaintiff.

No definite rule of practice or procedure in proceedings for contempt has been fixed or prescribed by either the Constitution or the Legislature. Section 10 of the Constitution of Kentucky and section 31 of the Criminal Code of Practice relate to the method of procedure for the violation of the criminal laws. Proceedings against a contemnor is not restricted to the methods prescribed by the Constitution and Criminal Code, supra. The practice of proceeding on motion or by rule or by indictment against a contemnor is universally recognized. A contemnor may be proceeded against on notice, rule, or by indictment, and either is sufficient if it affords him an opportunity to be heard by himself or by counsel.

In McBurnie v. Sullivan, 152 Ky. 686, 153 S. W. 945, 44 L. R. A. (N. S.) 136, the defendant, who was fined for contempt of court, was present in court of Justice Sullivan, who imposed upon him (McBurnie) a fine of $3 and imprisonment in the county jail for six hours. No summons, notice, warrant of arrest, or other process issued or served on McBurnie before he was so fined for contempt. He instituted an action against the justice of the peace, Sullivan, for false imprisonment. This court, on an appeal from an order dismissing the petition, notwithstanding no notice, summons or process was served on the defendant, affirmed the judgment. In Reeves v. Stewart, 150 Ky. 124, 150 S. W. 26, 44 L. R.

A. (N. S.) 185, the defendant was arrested and brought before the police judge of the town of Jellico, who immediately committed him to jail. After he was discharged from the jail, he instituted an action against the police judge and the arresting officer for false imprisonment, alleging that he had committed no offense. No summons, notice, or other process was served on him before the entry of the order committing him to jail. On an appeal, this court said:

> "Stewart may have improperly entered the judgment introduced in evidence attempting to form a defense to this action, but, granting that he did, neither that nor his mistake as to appellant being drunk, if he were so mistaken, alters this case in any way. For these reasons, the judgment of the lower court is affirmed."

The recent case of Burns v. United States, 287 U. S. 216, 53 S. Ct. 154, 157, 77 L. Ed. —, presents a question similar to the instant case. The judgment was contested on the ground that it was arbitrary and without notice or other process of law. Chief Justice Hughes disposed with the question of notice before the entry of the order of court in this language:

> "There is, properly speaking, no question here of notice. * * * The inquiry related to his own conduct. * * * The hearing was summary, but it cannot be said that it was improper or inadequate, in view of the nature of the proceeding and of the particular point upon which the court rested its decision."

In the present case the suing plaintiff was arrested, conducted into open court, and therefore was present in court. The service of no formal notice, rule, or other process would have afforded him a greater opportunity to defend himself, nor was further notice necessary to give the court jurisdiction of his person to bring him within the rule applied in the cases, supra.

The plaintiff has not attacked the judgment convicting him of the offense of contempt on the ground that he had no notice nor that he was not afforded opportunity to defend himself. He only attacked it on the ground that he was not guilty and that the court did not have jurisdiction of his person. In the case of Bradley v. Fisher, 13 Wall. 335, 354, 20 L. Ed. 646, "notice" is

defined to be only such "notice to the offending party of the grounds of complaint against him, and affording him ample opportunity of explanation and defence."

To the same effect, see King v. Cawood, 223 Ky. 291, 3 S. W. (2d) 616; Rammage v. Kendall, 168 Ky. 26, 181 S. W. 631, L. R. A. 1916C, 1295.

The plaintiff was arrested and conducted into court and informed of the nature of the charges against him before the judgment was imposed. This was sufficient to give the court jurisdiction of his person.

We now come to the question of whether or not a judicial officer is liable in a civil suit for damages for an act done in the performance of his judicial duties if he has jurisdiction of the person and subject-matter. That the court has jurisdiction of the subject-matter of contempt cannot be denied, which requires no citation of authority. It has been repeatedly held by this court in a long line of decisions that a judicial officer is not subject to civil suit when in the performance of his judicial duties and within his jurisdiction, although his ruling may be the result of mistake of law, error of judgment, or malice, or be done corruptly. Conceding, however, that plaintiff had committed no offense for which he should have been fined for contempt or otherwise punished, appellee's mistake of law with respect to the validity of the order will not render him liable in a civil suit for damages as herein sought by plaintiff. Bryant v. Crossland, Police Judge, 182 Ky. 556, 206 S. W. 791; Dixon v. Cooper, 109 Ky. 29, 58 S. W. 437, 22 Ky. Law Rep. 539; Garrard v. Hibbard, 152 Ky. 672, 153 S. W. 947.

The judgment is affirmed.

Whole court sitting.

Thomas, J., dissenting.