## Hargis v. Maloney et al.

June 20, 1941.

A. H. Hargis for appellant.

Williams & Allen and Grannis Bach for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action was filed in the Breathitt circuit court on January 27, 1940, by appellant and plaintiff below, A. H. Hargis, against the appellees and defendants below, G. G. Maloney, Walton Deaton, sheriff of the county, G. P. Campbell, county judge, Blain Higgins, a colored workman, and William Turner, who at the time appears to have been a private individual. The gravamen of plaintiff's supposed cause of action is bottomed on his eviction from a house on a lot located in Jackson, Kentucky, which was occupied by him at the time of the claimed depredations as a homestead. The eviction was made by the sheriff of the county—with summoned helpers—on May 16, 1938, in the execution of a writ of possession which was issued from a judgment theretofore rendered by the Fayette circuit court in the case of Hargis v. Hargis, 287 Ky. 72, 151 S. W. (2d) 417, decided May 16, 1941 (the plaintiff therein being the divorced wife of plaintiff herein), under which judgment the property had theretofore been sold and Maloney became the purchaser. Plaintiff herein refused to voluntarily vacate the premises, or turn the possession of it over to the purchaser—hence the procurement of the writ. The allegations of plaintiff's petition herein clearly show that he resisted the execution of that writ, and appears to have barricaded himself therein, duly armed, resulting in an enforced execution of the writ by the defendant Deaton, as sheriff of the county, assisted by some of the other summoned defendants.

It also appears from plaintiff's petition that as a consequence of his resistance, a peace warrant was obtained from the defendant Campbell, county judge, and plaintiff was placed under a bond of $500 to keep the peace. Nevertheless the writ of possession was executed and Maloney was put in possession of the property that he had bought under the decretal sale ordered by the Fayette circuit court in the action supra of Hargis v. Hargis. More than two years thereafter this action was filed by plaintiff against the sheriff of Breathitt County, his summoned aiders and assistants, Maloney, the purchaser of the property, and the county judge, charging that they had wrongfully dispossessed him from the premises, since he claimed the writ of possession was void because he contended that the judgment under which the property sold was likewise void. He also sought damages resulting, as he claims, from the removal of his

household effects by the sheriff to another place of deposit. As against the county judge plaintiff averred that the peace warrant which that officer issued for him and later requiring a peace bond from him was an outrage upon his rights and whereby he was greatly humiliated and damaged. Finally plaintiff prayed judgment for his various alleged items of damage in the sum of $41,200, followed by the further averment "that the Fayette Circuit Court had no jurisdiction of said property, when it entered judgment to sell same, and all of the said acts of the Fayette Circuit Court were in gross violation of law, the Fayette Circuit Court being, and is located One Hundred (100) miles from the City of Jackson, Kentucky".

He then made as a part of his petition various exhibits consisting of the judgment of sale, the report of the commissioner who made the sale, the deed of the commissioner to Maloney, and a copy of the writ of possession. Following such allegations the petition states that plaintiff "is entitled to the immediate possession of said homestead and premises," etc., because "he is entitled to have the sale of said property and order confirming same, cancelled and set aside and the deed to Maloney adjudged void, cancelled and set aside," and that "he is entitled to have a writ of possession issued by this court, for his said homestead." The final prayer of the petition is for judgment against the alleged trespassing defendants for his alleged damages, and "that the report of sale of the said property herein described, by the Fayette Circuit Court, be cancelled and set aside; that the deed of conveyance to the defendant, G. G. Maloney, be cancelled and set aside; that the said writ of possession for the said property above described, in favor of G. G. Maloney, be cancelled and set aside; that a writ of possession for said property be granted and issued to the plaintiff, A. H. Hargis; that the defendant, G. G. Maloney, and all other parties be ejected from said property, and the plaintiff, A. H. Hargis, be placed in possession of said property, and for such other orders and judgments, as will give to the plaintiff full and complete relief."

The defendants filed a special demurrer to the petition, and without waiving it filed a general demurrer. For some cause the regular judge was disqualified or declined to sit in the case, and a special judge presided at

the trial. At the hearing of the demurrers filed to the petition he sustained the general demurrer without passing on the special one; whereupon plaintiff declined to plead further and his petition was dismissed, from which judgment he prosecutes this appeal.

The petition is a more or less conglomerated and confused document, consisting of averments of claimed facts entitling plaintiff to the relief sought by his petition, each of which averments is immediately followed in and as a part of the petition with authorities which the pleader claims sustains his rights in the premises—all of which we have examined and find that some of them, in the abstract, uphold his rights as a homesteader, but none of which touch the question here involved concerning the sufficiency of the practice pursued by plaintiff in this case. It will be seen that he developed in his petition that the acts complained of grew out of official action of defendants incident to the execution of the writ of possession that had been issued by the Fayette circuit court which rendered the judgment and by which the property here involved was ordered to be and was sold. An appeal therefrom was prosecuted to this court and on the hearing thereof (the case being practiced by plaintiff in his own behalf as is true in this case) the right to a homestead was vigorously argued on behalf of appellant, but which we denied because he had made no such claim in the Fayette circuit court at any time by any pleading, motion or other step presenting the question; nor did he do so after the sale of the property by any exceptions filed to it, nor has he done so in the case so far as we are aware up to this time. It is true, as insisted in that case and repeated in this one, that the master commissioner who made the sale under the judgment of the Fayette circuit court was notified by plaintiff of his alleged homestead rights, but the judgment under which that officer was acting directed an absolute sale of the property, and he clearly had no right to amend or qualify the judgment which could only be done (if at all after the judgment of sale was entered without asserting the right) by the Fayette circuit court. But even in that event the court would not decline to sell the property but only to adjudge plaintiff his homestead rights in and to the proceeds. We held in the case of Hargis v. Hargis, supra, that the Fayette circuit court had jurisdiction to order the sale of the property and

that the judgment was not even voidable, much less void, and which disposes of the same insistence made in this case. It will, therefore, be seen that plaintiff is attempting in this case to enforce rights which in the circumstances were exclusively cognizable by the Fayette circuit court, and which were obtainable only by proper procedure in the case of Hargis v. Hargis, pending in that court, and which may, perhaps, so far as homestead rights are concerned, yet be obtainable by him after the filing of our mandate in that case with that court. At any rate it is only in that manner that such right may be asserted, if it is still available to plaintiff. Some part of the damages claimed by plaintiff was because, as averred by him, his household effects were removed by the sheriff to another place whereby he claimed to have been damaged; but the larger part of the damages sought to be recovered resulted from remodeling of the premises, its shrubbery, and other alterations made by Maloney during the more than two years following the delivery to him of the possession of the property. But under our affirmance of the judgment in the Hargis case, supra, it necessarily follows that when those alterations and changes were made by Maloney he was the legal owner of the property and had the right to appropriate it as he saw proper, and that plaintiff was and is without right to claim any damages resulting therefrom, since the judgment ordering the sale was neither voidable nor void. It may be that the court should have sustained the special demurrer and rested his judgment upon it rather than the general demurrer, but in either event the proper order was and is a dismissal of the action so far as it is rested on actions taken in executing the writ of possession.

Clearly plaintiff's alleged right of action against the county judge is a manifest misjoinder, even if the facts as averred were sufficient to sustain such an action against that officer. But the petition shows that the county judge in issuing the processes complained of against plaintiff acted judicially and functioned within his jurisdiction in doing so. The text in 33 C. J.. 981, section 115, says: "No person is liable civilly for what he may do as judge while acting within the limits of his jurisdiction," etc. But that broad and unqualified language, it is explained, is unqualifiedly applicable to a judge possessing general jurisdiction, and the text states

that some courts hold that the rule does not apply so broadly in favor of judges of inferior jurisdictions. However, on page 984, section 116, in speaking of the applicability of the rule to such inferior judges, the text says that it is "the tendency of the courts to extend to judges of inferior or limited jurisdiction the same protection as to those of general jurisdiction as to liability for official acts." The immediately following paragraph of the text says: "An inferior judge or a judge of a court of limited jurisdiction, while acting within his jurisdiction is exempt from civil liability, although he may have acted erroneously." But the rule is different—as later pointed out in the same section—where the inferior court of limited jurisdiction attempts to act entirely outside of his jurisdiction. The rule excusing such courts from civil liability when acting within their jurisdiction has been approved by this court in the cases of Reeves v. Stewart, 150 Ky. 124, 150 S. W. 26, 44 L. R. A., N. S., 185; Ackerson v. Semple, 163 Ky. 395, 173 S. W. 1153, and Bryant v. Crossland, 182 Ky. 556, 206 S. W. 791.

After thoroughly weighing all of the averments of the petition and giving to them every possible consideration in favor of plaintiff, we are nevertheless driven to the conclusion that he failed to aver any actionable cause in a proper court against any of the defendants, and for which reason the judgment is affirmed.