**CITY OF LOUISVILLE, Betty Gray and Louis McHenry, Movants,**

v.

**Eugene BERGEL, Respondent.**

Supreme Court of Kentucky.

Dec. 16, 1980.

---

Max E. Simmons and Paul V. Guagliardo, Louisville, for movants.

Vincent G. DeYoung, Louisville, for respondent.

STEPHENS, Justice.

The question to be decided is whether the issuance of an arrest warrant by a deputy police court clerk is a judicial function.

Respondent Bergel was arrested pursuant to a warrant issued by movant, Betty Gray, a deputy clerk in the old Louisville police court. The warrant was approved by movant, Louis McHenry, her supervisor. It was ordered in accordance with an affidavit of one Donald Ross and charged respondent with a violation of KRS 337.055, the illegal withholding of wages. Following his arrest, Bergel was jailed for approximately eight hours before his release on bond. The charges against respondent were eventually dismissed.

Following disposition of the criminal charges, respondent filed a false imprisonment suit in the Jefferson Circuit Court against Betty Gray, the deputy clerk, Louis McHenry, her supervisor, and the City of Louisville, their employer. Summary judgment for all three defendants was rendered by the trial court, presumably on the basis of sovereign immunity. On appeal, the Court of Appeals reversed declaring that the city was liable.

It is conceded by the parties that the issuance of the arrest warrant was, in this case, contrary to law. Where the offense charged against an individual is a violation, a summons to appear shall be issued instead of an arrest warrant except in certain specific situations. KRS 431.410. The penalty prescribed under KRS 337.055 is a maximum fine of $100.00; hence, no arrest warrant was authorized.

The Court of Appeals held that sovereign immunity was unavailable to the City of Louisville. As we view the case, however, the issue is not one of sovereign immunity but rather one of judicial immunity. It is clear that the issuance of the warrant by the deputy clerk and the subsequent approval thereof by her supervisor, all done in the due course of their employment, were judicial functions. *Shadwick v. City of Tampa*, 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972). This being true, under familiar principles of judicial immunity neither Betty Gray nor Louis McHenry is liable. *Henry v. Wilson*, 249 Ky. 589, 61 S.W.2d 305 (1933). There being no liability on the part of the employees of the city, under the doctrine of respondeat superior, the City of Louisville is not liable.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

All concur.