RENDERED: DECEMBER 14, 2023
TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0412-DG

VALETTA BROWNE                                                          APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                                      NO. 2021-CA-0805
FAYETTE CIRCUIT COURT NO. 21-CI-01047

TIMOTHY POOLE                                                          APPELLEE

**OPINION OF THE COURT BY CHIEF JUSTICE VANMETER**

**<u>REVERSING</u>**

Individuals who serve in a judicial capacity are immune from any and all civil liability for conduct and communications occurring in the performance of their duties. In this case, we must determine whether the Court of Appeals erred in remanding this case to the Fayette Circuit Court due to the trial court's perceived error in ruling it had no jurisdiction over this matter. Because the Court of Appeals failed to affirm the trial court on grounds of immunity, we reverse the Court of Appeals and affirm the trial court's dismissal, albeit on different grounds.

## I.      Facts and Procedural Background

During 2020, as the world struggled with the COVID pandemic, state bar licensing authorities similarly tussled with how to administer multiday bar

examinations.  Eventually, this Court directed the Kentucky Office of Bar Admissions ("KYOBA") and the Board of Bar Examiners to remotely administer a two-day examination offered by the National Conference of Bar Examiners in early October 2020.

Timothy Poole, the plaintiff and appellee in this matter, was one of eighteen individuals who, on November 30, 2020, received an incorrect bar exam result.  In Poole's case, he was told he had passed the bar exam.  Three days later, Valetta Browne, Executive Director of the KYOBA, notified Poole that, due to a data entry error, Poole's exam result notification was erroneous, and that Poole had not passed the bar examination.  In April 2021, Poole, through counsel, filed the instant action in Fayette Circuit Court, alleging Browne had negligently performed her duties and caused Poole damages from "emotional duress and suffering, loss of employment opportunities, loss of income, humiliation, embarrassment, out of pocket expenses [and] other damages[.]"  Poole's prayer for relief sought compensatory damages in an amount to be shown at trial, costs and reasonable attorney fees, and prejudgment and postjudgment interest.

In lieu of filing an answer, Browne filed a motion to dismiss under CR[1] 12.02(a) and (f)[2] based on (i) this Court's exclusive jurisdiction to admit

---

[1] Kentucky Rules of Civil Procedure.

[2] Motions under CR 12.02 fall into a number of categories.  Subsection 12.02(a) provides for a motion to dismiss based on "lack of jurisdiction over the subject matter," and subsection 12.02(f) is a motion to dismiss based on a "failure to state a claim upon which relief can be granted[.]"

attorneys to the practice of law, such that a circuit court does not have jurisdiction, and (ii) Browne having immunity from Poole's claim, whether designated as quasi-judicial, statutory or qualified official immunity. Poole opposed the motion, arguing that the various claims of immunity were inapplicable or were premature since no discovery had yet occurred. The trial court dismissed, holding that this Court "is vested with sole jurisdiction over all controversies surrounding its authority to supervise the legal profession . . . includ[ing] the conduct at issue in this case."

On Poole's appeal, the Court of Appeals reversed. While acknowledging this Court's sole authority over bar admissions under Kentucky Constitution § 116, it held that our constitution limits this Court to "appellate jurisdiction only," KY. CONST. § 110(2)(a), and correspondingly grants to circuit courts "original jurisdiction of all justiciable causes not vested in some other court." KY. CONST. § 112(5). The Court of Appeals concluded these provisions necessitated that a negligence action arising from the execution of bar admissions be brought in circuit court. The Court of Appeals did not address Browne's alternative arguments for affirmance based on immunity, merely noting that Poole's arguments related to immunity were moot. Browne filed a motion for discretionary review, which we granted.

## II. Standard of Review

A motion to dismiss for failure to state a claim upon which relief may be granted "admits as true the material facts of the complaint." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (quoting *Upchurch v. Clinton Cnty.*, 330 S.W.2d 428,

3

429–30 (Ky. 1959)).  The trial court should deny the motion "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.]"  *Pari–Mutuel Clerks' Union of Ky., Local 541 v. Ky. Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977).  Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true."  *Fox*, 317 S.W.3d at 7 (quoting *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)).  This exacting standard of review means that the trial court is not required to make findings of fact; "'rather, the question is purely a matter of law.  Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?'"  *Fox*, 317 S.W.3d at 7 (quoting *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002)).  Since a motion to dismiss under CR 12.02 presents a pure question of law, "a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo."  *Fox*, 317 S.W.3d at 7.

### III.   Analysis

The issues raised in this case, the circuit court's subject matter jurisdiction over issues related to bar admissions and the immunity of persons involved with bar admissions, are intertwined.  The Court of Appeals focused on Section 110(2)(a) of the Commonwealth's Constitution, which states that "[t]he Supreme Court shall have appellate jurisdiction only" and Section 112(5) which states "[t]he Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court."  In doing so, however, the

4

Court of Appeals failed to sufficiently assess this Court's plenary power over bar admissions. KY. CONST. § 116. As noted by Kentucky's federal courts, "the nature of the function involved in determining qualifications for admission to the bar . . . is a judicial act" and is therefore entitled to absolute immunity. *Sparks v. Character & Fitness Comm.*, 859 F.2d 428, 433 (6th Cir. 1988); *Doe v. Sup. Ct. of Ky.*, 482 F. Supp. 3d 571, 583 (W.D. Ky. 2020). This immunity derives from the fact that

> The court's exercise of its inherent power to choose its officers is substantially determinative of the character and quality of our entire judicial system, state and federal. Our system of justice depends, in substantial measure, upon the service of competent and qualified attorneys. The decision whether to admit or deny an applicant admission to the bar, and thus to determine the composition and quality of the bar, affects both the quality of justice in our courts and the public's perception of that quality. The decision is therefore integral to the very essence of the judicial process.

*Sparks*, 859 F.2d at 430; *see also Travis v. Landrum*, 607 S.W.2d 124, 125 (Ky. App. 1980) (stating "[t]he regulation and supervision of the practice of law in our court system and the admission and discipline of members of the bar [have] long been a function of the judicial branch of government[]").[3]

The fact that we have created by rule the Office of Bar Admissions, with the Board of Bar Examiners and the Character and Fitness Committee, to

---

[3] In just the fourth year of the Commonwealth, the legislature recognized the judicial branch's primacy in such matters by enacting "An ACT prescribing the mode of licensing Counsel or Attornies [sic] at law," which required any person practicing as an attorney at law to "obtain[] a license in writing from two or more of the judges of the court of appeals or district courts[.]" Act of Dec. 13, 1796, § 1, 1 Litt. 364 (1809). Of course, when the people of the Commonwealth adopted the Judicial Article in 1975, the Supreme Court was granted plenary power over the admission and discipline of lawyers and the regulation and supervision of the practice of law.

administer and oversee applications and examinations for bar admissions in no way undermines the characterization of these duties as judicial acts, nor obviates this immunity for those who perform these functions at our direction. In *Sparks*, the court explained that "non-judicial" defendants, such as Browne, act "pursuant to a command imposed upon them by the Kentucky Supreme Court under a provision of the Kentucky Constitution[.]" *Id.* Therefore, "their actions, at the very least, were quasi-judicial and, that being so, they were entitled to absolute immunity as well." *Id.* The rationale for absolute immunity is based on public policy "for all persons—governmental or otherwise—who [are] integral parts of the judicial process." *Id.* (citation omitted).

To paraphrase the court in *Sparks, id.* at 431, the acts Poole complains of were performed by Browne in obedience to duties imposed upon her by us, pursuant to our sole constitutional authority to "govern admission to the bar[.]" KY. CONST. § 116. By rule, SCR[4] 2.000, we have created the Office of Bar Admissions, the Board of Bar Examiners and the Character and Fitness Committee and authorized these bodies to "employ such personnel as the Court authorizes." SCR 2.002(6). The balance of these rules, SCR 2.000 to 2.540, define the duties of these bodies and personnel, acting on this Court's behalf, to administer procedures for admission to the bar and determine the character and fitness of applicants, such as Poole, as a condition precedent to

---

[4] Kentucky Rules of Supreme Court.

6

admission. "In executing these duties, the [board and] committee members and staff personnel act under the direct supervision of [this] Court and in [our] name. Their activities cannot be separated from the actions of [this] Court[.]" 859 F.2d at 431; *see also Hoover v. Ronwin*, 466 U.S. 558, 572-73 (1984) (Here Arizona Supreme Court Rules granted the Committee on Examinations and Admissions "discretion in compiling and grading the bar examination, but retained strict supervisory powers and ultimate full authority over its actions" the conduct of the Committee in denying applicant admission to the bar "was in reality that of the Arizona Supreme Court" and entitled to immunity). Correspondingly, Browne's actions that Poole complains of are the functional equivalent of judicial duties. *Id.* Browne is therefore entitled to absolute immunity.

In *Collins v. Brown*, 2007-CA-0847-MR, 2010 WL 686174 (Ky. App. Feb. 26, 2010), our Court of Appeals affirmed a circuit court decision extending judicial immunity. In doing so, it stated,

> The function of absolute immunity in the performance of judicial duties is not to shield members of the judiciary from liability for their own misconduct, but rather "to protect their offices from the deterrent effect of suit alleging improper motives where there has been no more than a mistake or a disagreement on the part of the complaining party with the decision made." *Yanero v. Davis*, 65 S.W.3d 510, 518 (Ky.2001) (citations omitted). In *Henry v. Wilson*, 249 Ky. 589, 61 S.W.2d 305, 307 (1933), our [Kentucky's then highest] Court stated "[i]t has been repeatedly held by this court in a long line of decisions that a judicial officer is not subject to civil suit when in the performance of his judicial duties and within his jurisdiction, although his ruling may be the result of mistake of law, error of judgment, or malice, or be done corruptly."

7

*Collins,* 2010 WL 686174, at *3; *see also Pepper v. Mayes,* 81 Ky. 673, 675-76 (1884) (recognizing common law judicial immunity).

## IV.    Conclusion

For the foregoing reasons, we reverse the Court of Appeals' decision vacating the Fayette Circuit Court's judgment dismissing Poole's complaint. We affirm the Fayette Circuit Court's judgment, albeit on different grounds.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

Mitchel Terence Denham
McBrayer, PLLC

COUNSEL FOR APPELLEE:

Timothy Poole
Pro se