Hollon v. Lilly.

CASE 77—PETITION ORDINARY—JAN. 30.

# Hollon v. Lilly.

APPEAL FROM CLARK CIRCUIT COURT.

100 553
111 347

100 553
f126 367

1. JUDGE—LIABILITY FOR JUDICIAL ACT.—A judge acting within the scope of his jurisdiction, even if he acts illegally or erroneously, is not liable in an action for damages for any opinion he may deliver, or any action he may take for the proper conduct of the business of his court. He is only liable where he acts from an impure, malicious or corrupt motive.

2. EVIDENCE.—In an action by one against a judge of a court for damages for committing plaintiff to jail because of his refusal to answer a question before the grand jury, evidence that the judge took several drinks of whisky just before the commitment, was incompetent.

B. F. DAY FOR APPELLANT.

1. A judge is liable as a trespasser to the injured party, when he acts from impure motives or wilfully and corruptly in the exercise of his judicial functions, renders a decision or does an act which amounts to an unjust oppression or wrong. (Kennedy v. Terrill, Hardin, 491; Ayars v. Cox, 10 Bush, 203; Chrisman v. Bruce, 1 Duvall, 68; Morgan v. Dudley, 18 B. M., 693.)

2. The evidence that appellee was seen to take several drinks of whisky the day of and before the commitment, and that he said afterwards "that he did not know that the question was a legal one, but that the committal of Hollon would have a tendency to purify the atmosphere a little," was competent because it shows

that appellee was either drunk and had thereby lost his reason, or that he had malice against appellant and knowingly confined him in jail contrary to law to gratify that malice.

HATHAWAY & CARDWELL FOR APPELLEE.

1. There is no evidence of malice, ugly feelings or improper motive, and no action can be supported against any person acting judicially within the limits of his jurisdiction, although he should act illegally or erroneously, unless he has acted from impure and corrupt motives. (Ayars v. Cox, 10 Bush, 207; Revill v. Petit, 3 Met., 287; Morgan v. Dudley, 18 B. M., 567.)

BECKNER & JOUETT ON SAME SIDE.

1. The judge could only be held liable for corrupt or malicious action, and evidence that he took a drink was irrelevant upon those issues, there being no charge that he was drunk.

2. The action of the lower court in not admitting the evidence as to what appellee said to Johnson about the question not being a legal one, etc., was not made a ground for new trial, and can not be considered in this court.

3. The evidence failed to disclose any corrupt or malicious action upon the part of appellee, and the peremptory instruction was therefore properly given.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT:

This suit was instituted by the plaintiff, Hollon, against the defendant, Lilly, alleging that defendant was the presiding judge of the Wolfe Circuit Court; that at the July term of said court, in 1892, whilst the grand jury was in session, he was called on to testify; that, after answering other questions, the foreman of the grand jury asked him if he had had carnal intercourse with any woman in Wolfe county within the past twelve months, and that upon his refusal to answer the said foreman of the grand jury carried him before the defendant, who ruled that he must answer said question; that upon his refusal to do so he willful-

ly, maliciously and corruptly directed the jailer of Wolfe county to confine him in jail until he should answer; that said jailer, in conformity to said order, did keep him in jail for about eight hours, and that by the aforesaid malicious and corrupt conduct he had been humiliated and disgraced, and sought damages.

Defendant admitted that he was the circuit judge of the Wolfe Circuit Court; admits that the plaintiff was brought before him by the foreman of the grand jury, but denies that the foreman of the grand jury asked plaintiff if he had had carnal intercourse with any woman in Wolfe county within twelve months before that time; says on the contrary, that the question propounded by the foreman of the grand jury was: "Do you know of any person committing the offense of adultery in Wolfe county within the past year?" And that plaintiff refused to answer this question, and notified the court that he could send him to jail if he wanted to, and that he would not answer; and after admonishing the foreman of the grand jury not to ask plaintiff any question that would incriminate himself, he notified the plaintiff that it was his duty to answer the question of the foreman of the grand jury, and upon his refusal to do so he committed him to jail for contempt. He claims that he was perfectly friendly to the plaintiff; that he had no ill-will, and that he was compelled, in the discharge of his official duty and the proper administration of justice, to force an answer to the question propounded by the foreman of the grand jury.

These allegations of the answer were all traversed of record, and a jury being empaneled who were sworn to try the issue, the plaintiff was introduced as a witness. He testified, in substance, as follows: "Brown, the foreman of the grand jury, took me into the presence of the defendant, and announced that I had refused to answer a question before the grand jury. The defendant then asked the foreman to state the question, whereupon the foreman said: "One of the questions was: "Do you know any one in Wolfe county being guilty of adultery within the past twelve months?'" I then spoke up and said: "Judge, I have answered that question in the negative, and my answer is true." The foreman, Brown, then said to the court that I had been asked, "Do you know of anyone guilty of the offense of fornication in Wolfe county during the last year?" I spoke up and said: "Judge, I have also answered that question in the negative, and my answer is true." The foreman then said to the court that I had been asked, "Have you had carnal sexual intercourse with any woman in Wolfe county within the last twelve months?" I then spoke up and said: "Judge, I decline to answer this question." The defendant then said to the foreman: "You can not make a witness criminate himself or testify against himself." He then turned and said to me: You must answer the question, or I will have to send you to jail until you do." I responded that "I would never answer the question, and if I must go to jail for not answering the question, it had as well be done now as any time." Defendant then ordered me to jail. I

was not confined in a cell, but in one of the rooms of the jail for about eight hours. The defendant and myself had always been friendly, and he was my attorney in one law suit before he was elected judge, etc. The testimony of the plaintiff was corroborated by several witnesses. He then introduced Brown, the foreman of the grand jury, who said: "I brought the plaintiff, Hollon, into court, and said to defendant that Mr. Hollon had refused to answer a question. I said: "We asked him if he knew of any person being guilty of adultery." Mr. Hollon said: "Judge, I have answered that question in the negative." I then said that I asked him if he had had sexual intercourse with any woman in Wolfe county within a year, except his wife. Mr. Hollon then said: "I decline to answer that question." The defendant then said: "You can not compel a witness to testify against himself." I then said to the court: "We also asked him if he knew of anyone except himself committing fornication in Wolfe county." The court said he must answer this question, and, upon his refusal, ordered him to jail."

The statements of this witness were corroborated by other witnesses, the difference being the order in which the questions were brought to the attention of the court, plaintiff claiming that the question which was personal to himself had been asked last, the other witnesses, Brown and others, testifying that the last question asked was as to whether he knew of other persons than himself being guilty of fornication within the year.

Every witness for plaintiff testifies that the defend-
ant notified both the foreman of the grand jury and
the plaintiff that he could not be asked questions, the
answer of which would incriminate himself, but that
it was his duty to answer with regard to other people.
The plaintiff also introduced a witness, T. C. Johnson,
and asked him this question: "State what you know,
if anything, about the defendant, Judge Lilly, on that
day and before the occurrence, drinking any whisky."
The defendant objected to the question, and the plain-
tiff then made this avowal: "I can prove by the wit-
ness, T. C. Johnson, if permitted to do so, that he was
in defendant's room on the morning of the day on
which plaintiff was brought before the court by
Brown, the foreman of the grand jury, and saw a jug
of whisky in his room, and saw him drink two or three
drinks on that morning." The court sustained said
objection, and refused to permit the witness to answer
said question, to which the plaintiff at the time ex-
cepted.

At the close of the plaintiff's evidence the trial judge
gave a peremptory instruction to find for the defend-
ant. The plaintiff objected, and the jury returned
into court the following verdict:

"We, the jury, find for the defendant.

"BROWNING, Foreman."

And the court entered an order dismissing plaintiff's
petition, and adjudged defendant his costs. The
plaintiff moved for a new trial on the following
grounds: Error of the court in not allowing the wit-

ness, Johnson, to testify concerning his knowledge in regard to defendant's drinking whisky on the day he ordered plaintiff to jail; second, error of court in sustaining defendant's motion for peremptory instructions, and instructing the jury to find for the defendant.

It is a universal rule of law that a judge, acting within the scope of his jurisdiction, is not liable in an action for damages for any opinion he may deliver as such, or any rule or action he may take for the proper conduct of the business of his court.    This doctrine applies to judges of all grades, and to all persons who act in a judicial capacity, while acting within the limits of their jurisdiction, even if he should act illegally or erroneously.    The only case in which he is liable is where he acts from an impure, malicious or corrupt motive.

In the case at bar there is not a shadow of evidence to support the contention that the defendant acted either maliciously or corruptly.    He had always been entirely friendly with the plaintiff, and the plaintiff was brought before him by the foreman of the grand jury under circumstances which made it his duty, in order to enforce the law and protect his court, that he should act in the case. The evidence of plaintiff shows that defendant acted with sound discretion and moderation.    If the case had gone to the jury on the evidence in this record it would not have sustained a verdict for the plaintiff.    We, therefore, conclude that the trial judge acted properly in giving the jury a per-

emptory instruction. The testimony which the plaintiff avowed he could prove by witness, Johnson, was incompetent, and the court properly excluded same from the jury. We do not think this record contains any error to the prejudice of plaintiff's rights.

Wherefore, the judgment is affirmed.