# Earp *v.* Stephens, *et al.*

*Action Against Justice of Peace and His Official Bond, for Issuing an Attachment.*

(Decided April 11, 1911.    55 South. 266.)

1. *Justice of the Peace; Liability for Acts.*—When a justice of the peace, under color of his office usurps authority not conferred on him or acts beyond his jurisdiction, he commits a wrong for which he and his sureties on his official bond are liable to any person injured thereby. (Section 1500, Code 1907.)

2. *Same; Issuing Attachment.*—Where a justice of the peace issues an attachment without requiring the statutory affidavit or bond, he usurps authority not conferred on him and .acts beyond his jurisdiction, and his sureties are liable therefor to any person injured thereby.

3. *Attachment; Writ; Statutory Requirement.*—The attachment writ authorized by our statute is a summary and extraordinary remedy in derogation of the common law, and in pursuing the remedy authorizing the writ, the statutes must be strictly followed.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Hettie Earp against J. P. Stephens and his official bond for damages for the wrongful issuance of a writ of attachment. From a judgment sustaining demurrer to the complaint plaintiff appeals. Reversed and remanded.

MARK D. BRAINARD, for appellant. Section 1500 of the Code of 1907 fixes the liability of the principal and the surety for the improper or neglectful performance of the duties imposed by law. The remedy by attachment is extraordinary and the statutory requirements must be strictly complied with, hence, the affidavit required by section 2927, Code 1907, was necessary to the proper issuance of the writ. He should have required a bond also, and failing in these things he cannot claim immunity as from a judicial act.—*Crosswaithe v. Pitts*, 139 Ala. 424; *Wright v. Smith*, 66 Ala. 545. As to whether the act was judicial or ministerial, see *Higdon v. Jelks*, 138 Ala. 122; *Ex parte Harris*, 52 Ala. 191. It is respectfully submitted that the court erred in sustaining demurrers.

W. E. ANDREWS, and W. L. BRASSELL, for appellee. Judges are not liable for errors of judgment while acting judicially.—*McLendon v. Mtg. Co.*, 119 Ala. 518; *Kelly v. Moore*, 51 Ala. 364. The issuance of an attachment is a judicial act.—*Scott v. Ryan*, 115 Ala. 587;

[Earp v. Stephens, et al.]

*Ex parte Harris,* 52 Ala. 91; 29 Ala. 136.   It, there-
fore, follows that the court did not err in sustaining
demurrers to the complaint.

WALKER, P. J.—This is a suit against a notary pub-
lic and ex officio justice of the peace and the sureties
on his official bond.   The alleged breaches of the bond
relate to the issuance by the principal in the bond of
a writ of attachment against the property of the plain-
tiff, under which her property was seized; the com-
plaint, in different counts, charging that the writ,
which was not sued out on the ground that the defend-
ant therein, the plaintiff here, was a nonresident, was
issued without requiring the plaintiff in the suit, his
agent or attorney, to make an affidavit setting out a
ground of attachment, or to execute a bond as required
by the statute.   The trial court sustained a demurrer to
the complaint.   The grounds of demurrer upon which
the appellees here seek to justify that ruling are those
which suggested the objection to the complaint that the
act of the principal in the bond which was complained
of was not actionable, because it was done by him while
in discharge of official duty in a judicial capacity.

It must be regarded as settled in this state that for
a wrong resulting to a citizen from an act of a justice
of the peace, done under color of his office, the mere
fact that his relation to the matter was while he was
acting in a judicial capacity does not afford to the jus-
tice or the sureties on his official bond immunity from
responsibility for such act, if it was beyond the pale of
his jurisdiction and a usurpation of authority not con-
ferred by law—if it was an abuse of the authority of
his office, a pretended, not a real, exercise of his juris-
diction.—*Crosthwait v. Pitts et al.,* 139 Ala. 421, 36
South. 83; *McLendon v. American Freehold Land Mort-*

29—CA

*gage Co.,* 119 Ala. 518, 24 South. 721; *Stallings v. Gilbreath,* 146 Ala. 483, 41 South. 423; *Kelly v. Moore,* 51 Ala. 364; *McElhaney v. Gilleland,* 30 Ala. 183; *Iron et al. v. Lewis,* 56 Ala. 190; *Withers v. Coyles,* 36 Ala. 320; *Heard v. Harris,* 68 Ala. 43; Political Code 1907, § 1500.

The act of a justice of the peace in transcending his power and usurping authority beyond and independent of his office stands upon an entirely different footing from mere errors of judgment in doing, neglecting, or refusing to do a particular judicial act, in the exercise of judicial power within the scope of his jurisdiction. It was said by Stone, J., in delivering the opinion of the court in the case of *Withers v. Coyles, supra:* "A distinction is well taken in the books between those cases where, the facts being plain and clear, the judicial magistrate misapplies the law to those plain facts, and cases in which the facts appear erroneously in evidence, or the judge or magistrate by mistake draws an erroneous conclusion of fact from the proof in the particular case. The inferior magistrate is responsible, not for the abstract truth of the case before him, but only for the case as it appeared before him on trial. For errors of fact, or for an erroneous judgment as to matters of law within his jurisdiction, he is not responsible. For assuming, however, that he has jurisdiction to do a particular thing on certain facts proved or supposed to exist, when he has no power to do that particular thing on the state of facts proved or supposed to exist, he transcends his jurisdiction and becomes a trespasser."

The question, then, in this case, is whether, in issuing the attachment without requiring either an affidavit or a bond, the officer merely committed an error in the exercise of a jurisdiction conferred, or usurped an authority which the law did not confer upon him. In consid-

ering this question, it is to be borne in mind that the writ of attachment as provided by our statutes is a summary and extraordinary remedy in derogation of the common law, and that any claimed power or jurisdiction to issue such a writ must be found in the statutory enactment providing for it. In this case any authority in the officer to issue the writ was by the statute plainly conditioned upon his requiring compliance with the statutory prerequisites of an affidavit and bond. It is not to be supposed that the Legislature intended that the official should have the power to direct such a summary seizure of property without even a colorable attempt to require an observance of the precautions prescribed to prevent the issuance of the writ in cases in which the law did not authorize it, and to provide the prescribed means of indemnity for an abuse of the extraordinary process. Plainly it was not contemplated that the carefully conditioned power conferred by the statute could ever be so perverted as to afford the means of subjecting a citizen to a possibly irremediable wrong. The affidavit and bond, especially the latter, were intended as essential safeguards, in the absence of which the power to issue the writ is withheld.

It seems that the conclusion hardly is to be escaped that such a flagrant disregard of conditions essential to the orderly exercise of the power conferred as is disclosed by the allegations of the complaint in this case is to be regarded, not as a merely erroneous exercise of jurisdiction, but as an attempt by the officer to exercise authority when he had none. The conclusion is that the complaint alleged the commission of a wrong by the principal in the bond, for which he and his sureties are responsible to the plaintiff, and that the trial court erred in sustaining the demurrer to the complaint. This conclusion is well supported by authority. "The stat-

utes authorizing attachment usually require, as a condition to the issue of the writ, that a bond shall be given to protect defendant from the injury of a wrongful attachment. When so required, it is jurisdictional, and cannot be dispensed with, and it must precede the issue of the writ, because jurisdiction does not attach until the bond is given."—4 Cyc. 527.

Reversed and remanded.