## Ackerson v. Semple, et al.

(Decided March 9, 1915.)

## Appeal from Jefferson Circuit Court (Common Pleas Branch, No. 4).

1. Forcible Entry and Detainer—Jurisdiction.—Under the Code exclusive original jurisdiction in cases of forcible entry and detainer is lodged in justices of the peace and county judge of the county in which the land or tenement lies.

2. Forcible Entry and Detainer—Jurisdiction.—In a case of forcible entry and detainer the law gives jurisdiction to magistrates, and if they erroneously adjudge a vendee to be a tenant, then the vendee has a remedy by traverse to the Circuit Court, but he may not sue for damages in lieu of traverse.

3. Forcible Entry and Detainer—Eviction—Action for Damages—Contract of Tenancy.—In an action for damages for alleged wrongful eviction under a writ of forcible entry and detainer, the contract examined and held to justify the plaintiff in treating the contract as one of tenancy instead of one for sale, without subjecting herself to damages.

BENJ. F. GARDNER for appellant.

GILBERT BURNETT for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellee, Virginia B. Semple, in June, 1911, sold to the appellant, Emma Ackerson, a house and lot in Louisville at the price of $1,250, $50 of which was paid in cash, and the remainder to be paid in monthly installments of $12 each. The contract of sale, which was denominated "a bond for deed," stipulated that when half of the purchase price was paid, Mrs. Semple would execute a conveyance in fee simple. The contract further stipulated that:

"Should said second party fail to pay any installment of the purchase price when same shall become due and payable and such default shall continue for thirty (30) days, then, in that event, said first party may treat the entire balance of the purchase price as immediately due and payable and proceed to enforce her lien upon said property for the payment thereof by judicial proceedings for sale thereof, or, at her option, shall have the right to declare this contract void and terminated and retain whatever may have been paid in said contract as liqui-

dated damages and as rental due for said premises, and may consider and treat the party of the second part as her tenant holding over without permission, and may take immediate possession of the premises and remove said second party therefrom, and failure to exercise this option on the part of the first party at the time of any default shall not operate as a waiver of the right to exercise such option at any time thereafter, and it is· further agreed that a letter addressed to said second party at Louisville, Ky., shall be sufficient notice of the exercise of this option.''

In January, 1914, Mrs. Ackerson was evicted under a writ of forcible detainer sued out in the magistrate's court. At the time she was in default $164. It does not appear that she made any defense in the forcible detainer proceedings, nor did she take a traverse to the circuit court.

This action was instituted in April following by Mrs. Ackerson against Mrs. Semple, Magistrate Wheeler, and the constable, Phil German, who executed the writ of eviction, and also against the sureties on the official bonds of the magistrate and constable. It is alleged that the magistrate was without jurisdiction of the subject matter, and, therefore, the judgment of eviction was not merely erroneous, but void, and that she was entitled to recover $210, the value of certain improvements which she had made upon the premises, and $250 damages to her household goods, which had been set out in the street and exposed to the weather. Altogether, she claimed damages in the sum of $1,500. For the purpose of showing that the magistrate was without jurisdiction of the subject matter, the petition set out in detail the proceedings had in the magistrate's court and the fact that under her ''bond for deed'' she was a purchaser and not a tenant. It is argued that as the relation of landlord and tenant did not exist, the magistrate was without jurisdiction. The court sustained a demurrer to the petition, and Mrs. Ackerson appeals.

Conceding that the magistrate has no jurisdiction in ejectment, it does not follow that he is liable in damages if in a forcible detainer proceeding an erroneous judgment is rendered, having the apparent effect of a judgment in ejectment. As a matter of fact, the judgment of a magistrate can have no such effect, for the only question in forcible detainer is the right of possession. Hol-

man v. Parsons, 162 Ky., 454. Matters of title, liens and equities do not enter into the case.

Under the code, exclusive original jurisdiction in case of forcible detainer is lodged in justices of the peace and county judge of the county in which the land or tenement lies. It is fundamental that the relation of landlord and tenant must exist to maintain the writ, and the reservation of rent in some form, or recognition of title in a landlord is the distinguishing characteristic of such contracts. But every judicial officer has the right to pass upon the question of his own jurisdiction.

In the case of forcible entry and detainer the law gives the magistrate jurisdiction, but if he erroneously adjudges a vendee to be a tenant, then the vendee has a remedy by traverse to the circuit court, where such steps may be taken as will protect the rights of the parties whatever they may be. The aggrieved party has no election of remedies, and certainly he cannot claim damages of the magistrate in lieu of traverse, for, as is stated in Hollan v. Lilly, 100 Ky., 553:

"It is a universal rule of law that a judge, acting within the scope of his jurisdiction, is not liable in an action for damages for any opinion he may deliver as such, or any rule or action he may take for the proper conduct of the business of his court. This doctrine applies to judges of all grades, and to all persons who act in a judicial capacity while acting within the limits of their jurisdiction, even if he should act illegally or erroneously. The only case in which he is liable is where he acts from an impure, malicious or corrupt motive." Willis v. Linn, 148 Ky., 841.

Much less can it be said that it was the duty of the constable to inquire into the jurisdiction of the magistrate issuing the writ. He was commanded to dispossess Mrs. Ackerson under a writ of forcible detainer by a magistrate having authority to issue the writ. It is not pretended that either official acted maliciously or from any impure or corrupt motive.

Neither can we say that the appellant had a cause of action for damages against Mrs. Semple. The bond for deed may have been one-sided; that is, Mrs. Semple, under the contract, may have had the best end of the trade, but Mrs. Ackerson signed and agreed to it; there is no claim of fraud or mistake; and as Mrs. Ackerson, by the contract, agreed that in default of payment, Mrs.

Semple might treat the contract as one of tenancy and repossess herself of the premises, as in the case of a landlord, certainly she cannot be compelled to respond in damages because she availed herself of the right conceded to her in the contract.

We do not mean to decide that the contract was one of tenancy, nor do we pass upon their rights under the contract. We simply hold that Mrs. Semple had a right under the contract to treat the contract as one of tenancy without subjecting herself to damages, and that the magistrate had a right to pass upon the question of tenancy in order to determine whether he had jurisdiction, and, even if his conclusion was erroneous, it did not render him subject to damages.

On the whole case, we are of the opinion that the lower court properly sustained the demurrer to the petition, and the judgment is affirmed.