**SPRUILL v. O'TOOLE et al.**

No. 6232.

United States Court of Appeals for the District of Columbia.

Argued Nov. 12, 1934.

Decided Dec. 3, 1934.

Georgia M. Spruill, in pro. per.

E. Barrett Prettyman, Corporation Counsel, and Thos. Gillespie Walsh, Asst. Corporation Counsel, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

An appeal from an order and judgment of the lower court sustaining demurrers to the declaration and amended declaration of appellant, as plaintiff, and dismissing the case.

The appellant, who is not a lawyer, conducted her case in the lower court as well as in this court in her own proper person without counsel. Therefore, we have overlooked a lack of technical regularity in the record in order that we may directly reach a decision upon the substantial issue involved in the case.

It appears that appellee Mary O'Toole was a judge of the Municipal Court of the District of Columbia, and that Edgar C. Snyder was United States marshal in and for the District. The present appeal arises upon an action brought against them in the lower court by the appellant as plaintiff upon a claim for damages because of alleged official misconduct of these officers.

The declaration filed by appellant as plaintiff in the lower court contains the following premise: "Comes now the plaintiff in her own proper person and moves the court to inquire of the codefendants in the above-named cause—cause them to appear before this court a day the court may fix and show cause if they have a reason why they should not make a settlement for damages to the amount of twenty-five thousand ($25,000.00) dollars each, because of their act in unlawfully evicting plaintiff in the above-entitled cause from her home November 24, 1930." In the succeeding clauses of her declaration and amended declaration the plaintiff claimed that Judge O'Toole "stepped beyond her official duty in a way to bring about irreparable damage to plaintiff, and Edgar C. Snyder in his official capacity as United States marshal likewise went beyond his official duty in a way to effect irreparable damage to plaintiff." The act complained of was the forcible eviction of plaintiff on November 24, 1930, from certain real estate located in the District of Columbia on a writ of restitution entered in a landlord and tenant proceeding before the Municipal Court wherein Judge O'Toole presided. Plaintiff claims that the action of the Municipal Court was without jurisdiction in that more than $1,000 was involved; that plaintiff was not a tenant in possession of the property but was the owner thereof and that consequently the case was not a landlord and tenant case; and for other alleged irregularities in the action of the judge and marshal constituting a violation of amendments 1–7 of the Constitution of the United States.

The defendants, O'Toole and Snyder, severally demurred to the declaration and amended declaration upon the ground that they were bad in substance. The lower court sustained the demurrers and dismissed the case, whereupon the present appeal was taken.

In our opinion the judgment of the lower court was right. It is evident from the record that the Municipal Court had jurisdic-

560

tion of the subject-matter involved in the landlord and tenant proceeding and also over the person of the defendant in the case who appeared and made a defense. Sections 225 and 227, title 18, 1929 D. C. Code (p. 171). It does not appear from the record that the writ of restitution issued to the United States marshal was irregular in any particular.

The judgment of the lower court therefore is fully sustained by the doctrine that judges are not liable for damages in civil actions for any act done in their judicial capacity while acting within the limits of their jurisdiction. This exemption from liability is, in general, absolute, and a judge cannot be called to account for his official actions by a civil suit at any time or place. 15 R. C. L., p. 544, §§ 32, 33; Brown v. Slater, 23 App. D. C. 51; Randall v. Brigham, 7 Wall. (74 U. S.) 523, 19 L. Ed. 285; Bradley v. Fisher, 13 Wall. (80 U. S.) 351, 20 L. Ed. 646; McIntosh v. Bullard, 95 Ark. 227, 129 S. W. 85; Henke v. McCord, 55 Iowa, 378, 7 N. W. 623; Ackerson v. Semple, 163 Ky. 395, 173 S. W. 1153.

A similar doctrine protects the action of the United States marshal while engaged in the proper and regular execution of a writ of restitution issued by a court having jurisdiction. State ex rel. Carroll v. Devitt, 107 Mo. 573, 17 S. W. 900, 28 Am. St. Rep. 440; Miller v. White, 80 Ill. 580.

Accordingly, the trial court was right in dismissing the plaintiff's case, and its judgment is hereby affirmed.