Horton E. RYAN, individually and as next friend of Shana Ryan, Appellant,

v.

W. T. SCOGGIN, Appellee.

No. 5531.

United States Court of Appeals Tenth Circuit.

May 6, 1957.

Jack L. Brewster and Doyle H. Gaither, El Paso, Tex., for appellant.

E. Forrest Sanders, Las Cruces, N. M. (Edwin Mechem, Santa Fe, N. M., J. B. Newell, and Garland, Sanders & Martin, Las Cruces, N. M., on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

BRATTON, Chief Judge.

Relying upon the pertinent part of the Civil Rights Act, 42 U.S.C.A. § 1983, Horton E. Ryan, individually and as next friend of his minor daughter, Shana Ryan, instituted this action in the United States Court for New Mexico against W. T. Scoggin, the duly elected, qualified, and acting District Judge of the Third Judicial District of New Mexico, to recover damages for asserted violation of the civil rights of Shana. It was pleaded in the complaint that the defendant, acting under color of statute of the State of New Mexico, ordered the girl committed to the care, custody, and control of the superintendent of the New Mexico State Hospital at Las Vegas, New Mexico, a mental institution; that acting under color of statute, the defendant ordered and directed the Sheriff of Dona Ana County, New Mexico, to apprehend and detain the girl for the purpose of transporting her to and placing her in the state hospital; that pursuant to such order, all of which was unfounded in law, without due process in law, and a complete nullity designed to deprive the girl of her liberty, such sheriff arrested her and caused her to be incarcerated in the common jail of Dona Ana County; that thereafter, the defendant caused the girl to be illegally and without due process of law transported to and confined in the state hospital until released by order of the Supreme Court of New Mexico; that in causing the girl to be apprehended, placed in jail, and confined in the state hospital, the defendant was motivated by a strong determination to inflict his will upon her; that while confined in the state hospital, the girl was subjected to unlawful physical, mental, and psychiatric examination; and that as a result thereof, she suffered great humiliation and embarrassment and was subjected to great ridicule; and that such experience would remain with her throughout the remainder of her life.

A motion was lodged to dismiss the action on the ground that the complaint failed to state a claim upon which relief could be granted. On the day the motion came on for hearing, there was filed in the cause a certified copy of the pleadings, orders, and judgment, together with a transcript of the trial proceedings in a divorce action in the District Court of Dona Ana County, New Mexico. Horton E. Ryan was plaintiff, Lillie Maxine Ryan was defendant, and the defendant here was the presiding judge in the divorce action. The parties to that action were the parents of six children. The oldest child was 17 and the youngest 2 years of age. Shana was 15 years of age. Divorce, custody of the children, and division of property were the issues in the case. Judgment was entered granting plaintiff a divorce, awarding custody of the children to the defendant, dividing the property, and enjoining the removal of the children from the jurisdiction of the court except upon application to and express consent of the court. Later the defendant filed in the action a motion for an order of the court granting her the right to remove the children to Michigan. Having reference to Shana, the court stated at the conclusion of the hearing "I am going to make this younger girl a ward of the Court, and as a ward of the Court, she will be under the jurisdiction of this Court. I am going to place her in the care and custody of her mother until the further orders of this Court * * *. I am not going to have a girl stand up and defy the Court, and say that if I don't let her do this, she is going to run off, and she is not going to do that. If she does I am going to send her to the Childs' Welfare Home in Albuquerque." The court entered an order expressly making Shana a ward of the court and permitting the defendant to remove the children, including Shana, to Michigan. Within two or three days after entry of the order making Shana a ward of the Court and permitting the defendant to remove all of the children to Michigan, the plaintiff filed in the action a motion to award the custody of Shana to him. It was pleaded in the motion, among other things, that the action of the court in respect to Shana had affected her mental health and outlook. On the day of the filing of such motion to award the cus-

**57**

tody of Shana to plaintiff, the court entered an order in which it was found that at a prior hearing, the court found her to be an incorrigible; that such child was made a ward of the court; that subsequent thereto such child was paroled to the custody of her mother; that the court was then presently informed that she had left her home and fled the jurisdiction; and that upon her being returned to the jurisdiction of the court, there was adequate mental disturbance present to warrant commitment of such child for complete psychiatric examination. Following such findings, the order provided that Shana be and she thereby was committed to the care, custody, and control of the superintendent of the state hospital for so long as was necessary for the superintendent to conduct such examination as was advisable, and until the further orders of the court. With the certified copies of the pleadings, orders, and judgment, together with the transcript of the trial proceedings in the divorce action before it, the court in this action for the recovery of damages for asserted violation of civil rights, dismissed the action; and the appeal was seasonably perfected from the judgment of dismissal.

It is the general rule of frequent repetition that a motion to dismiss the action for failure of the complaint to state a cause of action for which relief can be granted admits all facts well pleaded in the complaint. Gulf Coast Western Oil Co. v. Trapp, 10 Cir., 165 F.2d 343, certiorari denied 338 U.S. 826, 70 S.Ct. 74, 94 L.Ed. 502; Slater v. Denver Building and Construction Trades Council, 10 Cir., 175 F.2d 608; Leggett v. Montgomery Ward & Co., 10 Cir., 178 F.2d 436; Crocker v. Crocker, 10 Cir., 195 F.2d 236; First National Bank in Wichita v. Luther, 10 Cir., 217 F.2d 262; Parkinson v. California Co., 10 Cir., 233 F.2d 432. But such a motion does not admit unwarranted inferences drawn from the facts or footless conclusions of law predicated upon them. Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed.

646; Zeligson v. Hartman-Blair, Inc., 10 Cir., 126 F.2d 595; Ogden River Water Users' Association v. Weber Basin Water Conservancy, 10 Cir., 238 F.2d 936.

In presently pertinent part, Rule of Civil Procedure 12(b), 28 U.S.C., provides that the defense that a complaint fails to state a claim for which relief can be granted may be presented by motion; and that where on such motion matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and shall be disposed of as provided in Rule 56. It was not important whether the motion filed in this case was denominated one for dismissal of the action for failure of the complaint to state a cause of action for which relief could be granted or one for summary judgment. Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85; Latta v. Western Investment Co., 9 Cir., 173 F.2d 99, certiorari denied 337 U.S. 940, 69 S.Ct. 1516, 93 L.Ed. 1744; Glenn v. Southern California Edison Co., 9 Cir., 187 F.2d 318. When the certified copy of the pleadings, orders, and judgment, together with a transcript of the trial proceedings, in the divorce action were presented to and not excluded by the court, the motion was thereupon and thereafter to be treated as one for summary judgment. Fletcher v. Nostadt, 4 Cir., 205 F.2d 896, certiorari denied 346 U.S. 877, 74 S.Ct. 126, 98 L.Ed. 385.

With the complaint, the motion for summary judgment, and the certified copy of the pleadings, orders, and judgment, together with the transcript of the trial proceedings in the divorce action before the trial court, the decisive question of law squarely presented was whether entry of the order in the divorce action committing Shana to the care, custody, and control of the superintendent of the state hospital for complete psychiatric examination and directing that she be apprehended and transported to the hospital for such purpose, followed by her apprehension, detention in jail, and detention in the hospital, pursuant to

**58**

such order rendered the defendant in this action personally liable in damages. It is a principle of universal acceptance in its relation to judges at all levels that a judge is not liable in damages resulting from an order entered or a judgment rendered in an action or proceeding over which the court has jurisdiction of the subject matter and of the parties, even though such order or judgment is in excess of the vested jurisdiction, or is otherwise erroneous and is set aside or reversed on appeal or other review. That deep-seated fundamental rule of ancient origin and frequent repetition rests upon considerations of public policy that such immunity is a concomitant of an independent judiciary which is indispensable to the well-being of a free people. Randall v. Brigham, 7 Wall. 523, 19 L.Ed. 285; Bradley v. Fisher, 13 Wall.. 335, 20 L.Ed. 646; Alzua v. Johnson, 231 U.S. 106, 34 S.Ct. 27, 58 L.Ed. 142; Spruill v. O'Toole, 64 App.D.C. 85, 74 F. 2d 559, certiorari denied 294 U.S. 707, 55 S.Ct. 406, 79 L.Ed. 1242; Brictson v. Woodrough, 8 Cir., 164 F.2d 107; Francis v. Crafts, 1 Cir., 203 F.2d 809, certiorari denied 346 U.S. 835, 74 S.Ct. 43, 98 L.Ed. 357; Tinkoff v. Holly, 7 Cir., 209 F.2d 527; Kenney v. Fox, 6 Cir., 232 F.2d 288, certiorari denied 352 U.S. 855, 856, 77 S.Ct. 84, 1 L.Ed.2d 66; Copley v. Sweet, 6 Cir., 234 F.2d 660, certiorari denied 352 U.S. 887, 77 S.Ct. 138, 1 L. Ed.2d 91; Thompson v. Heither, 6 Cir., 235 F.2d 176; Peckham v. Scanlon, 7 Cir., 241 F.2d 761; Henke v. McCord, 55 Iowa 378, 7 N.W. 623; Curnow v. Kessler, 110 Mich. 10, 67 N.W. 982; Comstock v. Eagleton, 11 Okl. 487, 69 P. 955; Hollon v. Lilly, 100 Ky. 553, 38 S.W. 878; McIntosh v. Bullard, Earnheart & Magness, 95 Ark. 227, 129 S.W. 85; Ackerson v. Sample, 163 Ky. 395, 173 S.W. 1153. It is only in instances in which a judge acts or proceeds in the clear absence of any color of jurisdiction or proceeds officially in respect to a cause or matter over which the court is clearly without any color of jurisdiction that he may be subjected to personal liability as a trespasser for damages arising out of his unauthorized act. Bottone v. Linds-

ley, 10 Cir., 170 F.2d 705, certiorari denied 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101; Manning v. Ketcham, 6 Cir., 58 F.2d 948; Rammage v. Kendall, 168 Ky. 26, 181 S.W. 631, L.R.A.1916C, 1295; Cox v. Perkins, 299 Ky. 470, 185 S.W.2d 954, 173 A.L.R. 797; Earp v. Stephens, 1 Ala.App. 447, 55 So. 266; Farish v. Smoot, Fla., 58 So.2d 534.

The district courts in New Mexico are expressly vested with jurisdiction of actions for divorce. N.M.S.A. 1953, § 22–7–1. And it is provided by statute in that state that in a suit for divorce and disposition of children, the court in term time, or the judge in vacation, may make such order for the control of the minor children as in its or his discretion may seem just and proper; that on final hearing, the court may make such order for the guardianship, care, custody, maintenance, and education of such minor children as may seem just and proper; that the court may modify and change any order in respect to the guardianship, care, custody, maintenance, and education of such minor children whenever circumstances render such change proper; and that the court shall have exclusive jurisdiction of all matters pertaining to such guardianship, care, custody, maintenance, and education of such children so long as they remain minors. N.M.S.A.1953, § 22–7–6. The grant of jurisdiction contained in the statute is broad in sweep and vests in the court wide discretion in respect to the guardianship, care, and custody of minor children whose parents are parties to a divorce action in which custody of the children is involved. The parents of Shana were her natural guardians. They were parties to the divorce action and custody of the children was involved. The parents were before the court, and it is fairly apparent from the record that at one juncture in the proceedings Shana was personally present in court. There is no area for doubt concerning the jurisdiction of the court to determine questions, enter orders, or change orders, in the case concerning the guardianship, care, and custody of the minor children,

including Shana. It may be that the order committing Shana to the custody and control of the superintendent of the state hospital for psychiatric examination and directing that she be apprehended and transported to such hospital for such purpose was improvident and erroneous. But it was entered in a cause over which the court had jurisdiction of the subject matter and the parties. Therefore the rule of judicial immunity from personal liability in damages arising out of the entry of such order applies. De Vault v. Truman, 354 Mo. 1193, 194 S.W.2d 29; Quindlen v. Hirschi, Okl., 284 P.2d 723; Francis v. Crafts, supra.

■ The Juvenile Code of New Mexico was enacted in 1955 and consists of sections 13–8–19 to 13–8–73, inclusive, New Mexico Statutes Annotated, 1955 Supp. But reliance upon the code to deprive the district court of jurisdiction to enter the order in the divorce action committing Shana to the custody of the superintendent of the state hospital for psychiatric examination is misplaced. The code establishes a juvenile court in each county and makes it a court of record. § 13–8–19. The district judge serves as judge of the juvenile court. § 13–8–20. And the juvenile court is given exclusive original jurisdiction in proceedings concerning any juvenile under the age of eighteen years living or found in the county who has violated any law of the state, or any ordinance or regulation of a subdivision thereof; any juvenile who, by reason of habitually refusing to obey the reasonable and lawful commands or directions of his or her parent, parents, guardian, custodian, teacher, or any other person of lawful authority, is deemed to be habitually uncontrolled, habitually disobedient, or habitually wayward; any juvenile who is habitually truant from school or home; or any juvenile who habitually deports himself in a manner to injure or endanger the morals, health, or welfare of himself or others. The code falls in the class of special legislation as distinguished from general, and it was enacted after the enactment of section 22–7–6, supra, vesting in the district courts exclusive jurisdiction to enter or change orders relating to the guardianship, care, and custody of minor children whose parents are involved in a divorce action. But the code is not inexorable or unyielding in respect to jurisdiction. It contains a field of tolerance. It expressly provides that nothing contained therein shall deprive other courts of the right to determine the custody or guardianship of children when such custody or guardianship is incidental to the determination of causes pending in other courts. § 13–8–27. That provision indicates a clear legislative intent and purpose that the code should not supersede the general law of the state in respect to the district courts exercising jurisdiction relating to minor children whose care, custody, and control are involved in a divorce action.

■ The Civil Rights Act provides in presently pertinent part that every person who, under color of a state statute, subjects, or causes to be subjected, any citizen of the United States to the deprivation of rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law. 42 U.S.C.A. § 1983, supra. But there is nothing in the act or its legislative history which abrogates or impairs the traditional common law immunity of judges from personal liability in damages for an order entered, a judgment rendered, or other act performed in the course of a case in which the court has jurisdiction of the subject matter and the parties, even though such order, judgment, or other act is in excess of such jurisdiction or is otherwise erroneous. Francis v. Crafts, supra; Tate v. Arnold, 8 Cir., 223 F.2d 782; Peckham v. Scanlon, supra; and compare, Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed 1019.

The judgment is affirmed.