William Edison OWEN, Appellant,

v.

Milton S. KRONHEIM, Jr., Appellee.

No. 16740.

United States Court of Appeals
District of Columbia Circuit.

Argued June 8, 1962.

Decided June 21, 1962.

---

Mr. William Edison Owen, Washington, D. C., appellant pro se.

Mr. F. Joseph Donohue, Washington, D. C., for appellee.

Before WILBUR K. MILLER, Chief Judge, and FAHY and DANAHER, Circuit Judges.

PER CURIAM.

William E. Owen, who is an attorney at law, sued Milton S. Kronheim, Jr., in the United States District Court for the District of Columbia for defamation. He alleged that in the Municipal Court Building on June 2, 1960, Kronheim "did disparage, defame and deprecate" him, both personally and professionally, by making false and slanderous statements about him in the presence of divers persons "with malice, hatred and hostile calumny." The allegedly defamatory language is set forth in the complaint.

Kronheim filed a motion to dismiss in which he alleged affirmatively what the complaint did not directly aver: that the words said to be slanderous were spoken by him in his capacity and within his jurisdiction as a judge of the Municipal Court for the District of Columbia during the trial of a case in which Owen appeared as counsel; and therefore he claimed "an unqualified and complete judicial immunity." The District Court granted the motion and dismissed the complaint. Owen appeals.

It is first contended that the defense of absolute privilege must be pleaded as an affirmative defense and cannot be set up in a motion to dismiss; that a motion for summary judgment, which of course can be supported by affidavits and other materials containing factual allegations, should have been used instead of a motion to dismiss. As we have said, the complaint did not show the words were spoken by Kronheim as presiding judge in a trial in which Owen appeared as counsel; so its express allegations did not reveal a basis for the assertion of judicial privilege. We know judicially, however, that the appellee is a judge of the Municipal Court,[1] and the allegations of the complaint, though not explicitly to that effect, justify the inference that the words complained of were spoken by him during a trial in which he presided and in which Owen appeared as counsel. Thus, the affirmative allegations of the motion to dismiss merely stated precisely what we know judicially and what was substantially revealed by the complaint itself.

But if that were not so, we think the District Court could consider the affirmative allegations of what the appellee termed "a motion to dismiss" by treating it as a motion for summary

1. Cooper v. O'Connor, 69 App.D.C. 100, 102, 99 F.2d 135, 137, 118 A.L.R. 1440 (1938).

judgment. The liberality of the new Federal Rules is such that erroneous nomenclature does not prevent the court from recognizing the true nature of a motion.

The appellant states his point on the merits as follows:

"The circumstances of this case do not present a situation which authorizes summary dismissal of appellant's cause by application of the legal defense of absolute immunity."

His argument, however, is to the effect that absolute immunity should not attach even to a judge of a court of general jurisdiction. If this were so, it would of course follow that absolute privilege does not protect a judge of a court of limited jurisdiction such as the Municipal Court for the District of Columbia.

The Supreme Court has never departed from Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 351, 20 L.Ed. 646 (1871). There it said:

"* * * [J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. * * *"

As in that case a judge of a court of superior or general jurisdiction was sued, there was no occasion for the Supreme Court to say whether the rule there announced applied equally to judges of courts of limited jurisdiction.

But in Spruill v. O'Toole, 64 App.D.C. 85, 74 F.2d 559 (1934), we had before us a case in which a judge of the Municipal Court for the District of Columbia had been sued. In effect we applied the holding of Bradley v. Fisher when we said:

"* * * [J]udges are not liable for damages in civil actions for any act done in their official capacity while acting within the limits of their jurisdiction. This exemption from liability is, in general, absolute, and a judge cannot be called to account for his official actions by a civil suit at any time or place. * * *"

To the same effect are Cooke v. Bangs, 31 F. 640 (C.C.D.Minn.1887), by Mr. Justice Brewer sitting as circuit justice, and Yaselli v. Goff, 12 F.2d 396, 56 A.L.R. 1239 (2nd Cir.1926), affirmed 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927), cases in which malice on the part of the judge was alleged.

The language attributed to Judge Kronheim is somewhat intemperate and rather unbecoming, but we think it was uttered in his official capacity while he was acting within the limits of his jurisdiction. It is therefore absolutely privileged, regardless of the motives which actuated it.

Affirmed.