Woodie HAVENS, Plaintiff,

v.

The CITY OF NEWCASTLE, a Political Subdivision of the State of Oklahoma; Tom Sherrill, sued in his individual and representative capacities; and John Thompson, sued in his individual and representative capacities, Defendants.

No. CIV-90-764-A.

United States District Court, W.D. Oklahoma.

Oct. 19, 1990.

Fredrick W. Southern, Jr., Midwest City, Okl., for plaintiff.

Eric J. Groves, Groves & Tague, Oklahoma City, Okl., for defendants.

ORDER

ALLEY, District Judge.

Under consideration are motions to dismiss filed by Tom Sherrill in his representative capacity, John Thompson in his representative capacity, and defendant John Thompson individually. The motions are grounded in Rule 12(b)(6), F.R.Civ.P., for failure to state a claim upon which relief can be granted. The plaintiff has responded and the issues are ready for determination. The Court notes its June 28, 1990, Order Granting Leave to Amend the Complaint by Interlineation to delete references to 42 U.S.C. § 1985(1) in Paragraphs 1 and 2 of the Complaint and amend Paragraph 50 of the Complaint to reflect 42 U.S.C. § 1983 rather than § 1985(1). Thus, any claim grounded in § 1985(1) has been withdrawn.

I. Factual Allegations of the Complaint

Plaintiff states that "in an effort to aid in the abatement of trash and refuge [sic] collection and as a public service" he placed at selected locations in the City of Newcastle nine 55–gallon trash barrels that were tilted on a supporting frame built by plaintiff. The barrels were marked "Donated by Woodie Havens". Plaintiff additionally made private arrangements with a commercial trash company for trash pickup at no expense to the City. Subsequently, in December, 1988, plaintiff began campaigning for a position on the City Council. On April 1, 1989, plaintiff was elected Councilman at Large, and thereafter took office. Plaintiff states that his actions, before and after election, were "resisted" by Tom Sherrill, City Manager, and John Thompson, Code Enforcement officer in Newcastle. Plaintiff also recites that he pursued certain grievances against both Mr. Sherrill and Mr. Thompson in the Spring of 1989.

A dispute with authorities arose regarding the trash barrels, at which time the plaintiff decided to remove the barrels from public use. Trash contained in plastic liners was removed from the barrels, bound, and left at the side of the road for pickup. The barrels were then removed. Plaintiff claims to have made arrangements for pickup of the trash. Defendant Thompson, Code Enforcement Officer, photographed one of the trash bags at the side of the road, and later filed a municipal charge of "littering" against plaintiff pursuant to Municipal Code § 13–65, "Littering."

Plaintiff was tried on the municipal charge on September 5, 1989. He was found guilty and fined $100.00. Plaintiff claims that he was unable to pay the fine, and was jailed in lieu thereof for two days. Plaintiff appealed the conviction to the State District Court, at which point the City of Newcastle abandoned its prosecution and dismissed the charge.

Plaintiff recites that the actions of the individual defendants were "retaliatory, malicious, intentional ..., were extreme and outrageous" and that these actions were "ratified and/or acquiesced in by Defendant City." He claims that he was deprived of his first amendment right to freedom of expression via "whistleblowing," his fourth amendment right to be free from unlawful seizure of the person as no warrant was issued for his arrest, his fifth and fourteenth amendment rights to liberty and due process of law as no warrant was issued for his arrest, and his fourteenth amendment right to equal protection of the laws and due process, all in violation of 42 U.S.C. § 1983. The plaintiff also recites pendent state claims of false imprisonment, malicious prosecution, abuse of process, selective prosecution, intentional infliction of emotional distress/outrage, and civil conspiracy. He seeks actual and punitive damages, and costs and attorney fees associated with bringing the action.

## II. Motion to Dismiss of Defendants Sherrill and Thompson in Representative Capacity

██ John Thompson and Tom Sherrill, sued in their representative capacities, have moved that the Court dismiss the Complaint for failure to state a claim under Rule 12(b)(6), F.R.Civ.P. The Court views the motion as one placing form over substance. "As the Supreme Court has made clear, official capacity suits are simply another way of suing the municipality itself. *See Kentucky v. Graham*, 473 U.S. 159, 163, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985)." *Wulf v. City of Wichita*, 883 F.2d 842, 863 (10th Cir.1989). These defendants argue not that the Complaint should be dismissed as to the City of Newcastle for failure to state a claim, but rather, since plaintiff can look only to the City of Newcastle for damages, there is no claim stated against them representatively.

Here, the City of Newcastle is a named defendant. It is but surplusage that John Thompson and Tom Sherrill are named defendants in their representative capacities, and it is of no ultimate consequence to the moving individuals. The Motion to Dismiss of Tom Sherrill in his Representative Capacity and John Thompson in his Representative Capacity is, therefore, deemed MOOT.

## III. Motion to Dismiss of Defendant John Thompson, Individually

██ By Order dated August 21, 1990, the Court gave plaintiff notice of its intent to consider attachments to the defendant's brief in support of the motion to dismiss as follows: A) Court Minute Order dated September 19, 1989 in Case No. 190, *City of Newcastle v. Woodrow Havens*, B) the Complaint filed in that action, and C) City ordinances relating to municipal courts of the City of Newcastle. Plaintiff was given opportunity, in compliance with Rule 12(b), F.R.Civ.P., "to present all material pertinent to such a motion by Rule 56," in dispute of the authenticity of the exhibits offered, or in dispute the accuracy of factual matters contained in Exhibit A. In the alternative, plaintiff was given opportunity to stipulate as to these matters. However, no response to the Court's Order was filed by plaintiff, and for purposes of this motion the Court deems all objections to authenticity or accuracy of facts proffered waived, and the content admitted.

As an initial observation, it is noted that the Complaint does not recite authorization by the City for placing the barrels at selected locations in the City of Newcastle. In this regard, plaintiff alleges a "dispute" over the trash barrels. Second, plaintiff does not deny leaving the trash along the side of the road. In fact, this is a factual cornerstone of the Complaint. Third, plaintiff was not "arrested" for littering. Rather, as the defendant points out in argument, the prosecution proceeded on the basis of a verified complaint. No judicial approval of the complaint was required absent issuance of a warrant. Oklahoma Constitution, Art. 2, § 17; 11 O.S. § 27–115. This observation is consistent with the averments of the Complaint, which indicate that plaintiff was jailed only after making a voluntary appearance and after refusing to pay the imposed fine. The Court has, in addition to the Complaint, considered the minute of proceedings in the municipal court on the littering charge and the facts contained therein. The Court Minute attached as Exhibit "A" to defendant Thompson's brief in support of the motion states:

> Defendant appeared in court and admitted that he had taken the trash out of the cans and left trash on the side of the road with the intention of USA Waste Management picking up of trash upon his request for them to do so.
>
> Judge Behrens found defendant guilty stating that the defendant had admitted taking the trash out of the can and placing on the ground.
>
> Fine was set in the amount of $104.00.[1] Defendant advised that he did not have the money with which to pay the fine stating that he was on a fixed income. Judge Behrens offered defendant the option of making payments. Defendant again advised that he was on a fixed income and could not make the payments. Judge offered payments in the amount of $5.00 per month. Defendant advised that *he did not have anything he had to do and that he would rather pay fine by staying in jail.* Judge once

again told defendant that he did not want to place him in jail for the fine and that jail was not really what he wanted to do. *Defendant advised that he was choosing the [sic] spend the time in jail rather than pay the fine.* Defendant advised *that he could borrow the money but that he would rather go to jail.*

> Judge Behrens ordered defendant to be taken into custody and placed in the city jail.
>
> Defendant to serve 10 days in city jail or until such time as fine is paid or until further instructions from the court. (Emphasis supplied.)

Accordingly, it appears that the defendant effectively walked of his own accord into the jailhouse, closing the doors behind him, only to sue on Constitutional grounds the City of Newcastle and John Thompson for having done so. This is not grist for Constitutional claims; i.e., *volenti non fit injuria.*

■ First, plaintiff argues that defendant Thompson did not see him commit the infraction prior to filing the municipal complaint. However, plaintiff offers no legal authority for the proposition that this constitutes a violation of his fourteenth amendment right to procedural due process and equal protection. Both by argument on this motion and at the municipal court hearing on the merits, the plaintiff admitted leaving the trash at the side of the road. It is observed that plaintiff had made a point to identify the trash barrels with the designation "Donated by Woodie Havens." He is, as a result, perhaps unduly indignant that the trash at the location was attributed to him and to him alone. The argument is without merit.

■ Plaintiff also avers that his fourteenth amendment right to procedural due process, and his fifth amendment and fourteenth amendment right to be free from seizure of his person without due process of law were violated, because no arrest warrant was issued. As stated previously, however, the littering charge was based on

---

1. The plaintiff alleges a fine of $100.00 was imposed. The Court's copy of Exhibit "A" is difficult to read at the point where this number appears. However, for these purposes, it is not material whether the fine was $100.00 or $104.00.

a verified complaint, or citation to appear, signed by defendant Thompson, which did not require judicial approval absent issuance of a warrant for arrest. Okla. Const. Art. 2, § 17, 11 O.S. §§ 27–115. Beyond this, the defendant does not even allege that he was arrested. Plaintiff had benefit of a hearing on the merits. Certainly his incarceration, upon declining to pay the fine, and at the insistence of the plaintiff himself, does not result in a Constitutional deprivation of rights. There are no facts alleged establishing a causal link between defendant Thompson's actions and plaintiff's incarceration. Mr. Thompson could not have anticipated the plaintiff's intervening insistence on going to jail in lieu of paying the fine assessed for the admitted littering. *See Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) (Section 1983 "should be read against the background of tort liability that makes a man responsible for the natural consequences of his action."), *overruled on other grounds, Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 663, 98 S.Ct. 2018, 2019, 56 L.Ed.2d 492 (1978). Even if he could have anticipated plaintiff's conduct, the incarceration was both voluntarily assumed and lawful. Plaintiff has failed to allege facts supporting these claims. Thus, plaintiff's rights under the U.S. Constitution were not violated as a result of no arrest warrant being issued.

■ Mr. Havens also contends that his first amendment right to free speech was violated by defendant Thompson, and that the citation was in retaliation for political complaints Havens had registered against Thompson. Mr. Havens, in common with all other citizens, has the right to free expression to include political dissent. Mr. Havens, in common with all other citizens, also has the responsibility of obeying the laws enacted by the municipality in which he lives, and in this case, the municipality which he at the time represented. Under his theory, any subsequent call to responsibility for his actions would constitute a retaliatory act.

The plaintiff alleges that there was a dispute with city officials regarding the trash barrels. He admits leaving the trash on the side of the road. He was fined as a result. The plaintiff refused the judge's attempts to work out a plan of payment, and insisted on incarceration. The plaintiff does not now have the right to ask the taxpayers of the City of Newcastle to pay him for an incarceration upon which he stubbornly insisted after his conviction on an admitted charge of littering. Additionally, plaintiff waived objection and opportunity to respond with affidavits or otherwise, to the patent objective reasonableness of actions of the defendants as shown by Exhibit "A" to the defendant's brief in support of the motion to dismiss. *Pueblo Neighborhood Health Centers, Inc. v. Losavio,* 847 F.2d 642, 648 (10th Cir.1988). The unsupported allegations in the Complaint reciting the defendant's glee at having "finally [gotten] Woodie Havens" are thus negated.

■ The facts pleaded do not support a claim of deprivation, knowing or unknowing, of a right, privilege, or immunity secured by the Constitution or laws of the United States. The defendant's acts were certainly not the proximate cause of emotional injuries suffered by plaintiff as a result of his voluntary incarceration.

> While all factual allegations of the complaint must be taken as true and all doubt resolved in favor of the complainant, *Mitchell [v. King,* 537 F.2d 385 (10th Cir.1976)], *supra,* this court is not required to blindly accept conclusory allegations tracking the requisite statutory language. *See, Ryan v. Scoggin,* 245 F.2d 54 (10th Cir.1957). Rather, the court will look to the substance of the allegations in the complaint and whether or not they are supported by the necessary factual allegations.

*Farlow v. Peat Marwick Mitchell & Co.,* 666 F.Supp. 1500, 1505 (W.D.Okla.1987). While the *Farlow* opinion addressed the sufficiency of a Complaint grounded in the securities laws, the maxim expressed is no less applicable here. The allegations of the Complaint in this case, taken as true, are further informed and in some instances, negated by the factual matters presented by exhibit in defendant's brief in support. Plaintiff was given opportunity to rebut,

but did not do so. The Court is persuaded that plaintiff can prove no set of facts in support of his federal claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

To the extent that plaintiff may have alleged facts constituting tort claims under State law of malicious prosecution and false imprisonment, an issue on which the Court declines to comment, the claims are more properly addressed in the State Court forum. *Coogan v. City of Wixom*, 820 F.2d 170, 174–75 (6th Cir.1987) ("Even if plaintiff had been able to establish all the elements of a claim for malicious prosecution, his proper avenue of relief was the state tort action only, not a claim under § 1983.... This involves yet another effort to make a federal question out of litigation where exclusive jurisdiction is in the State courts.") *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir.1980) ("Appellants' interest with reputation, false arrest, malicious prosecution, libel and slander are matters which the State protects by virtue of its tort law, providing a forum for those interests by means of damage actions.")

The Motion to Dismiss of defendant John Thompson, individually, is GRANTED, without prejudice to plaintiff's pursuing any tort claims in the State court. The Court sua sponte dismisses the Complaint as to the City of Newcastle with the same proviso of non-prejudice. The motion to dismiss of defendants Thompson and Sherrill are substantively and effectually MOOT.

It is so ordered.